**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ADAM M. GLOWKA,**

**Petitioner,**

**v.** **Case No. 5:13-cv-15324**

**JOEL ZIEGLER, Warden,**
**Federal Correctional Institution-Beckley**

**Respondent.**

# PROPOSED FINDINGS AND RECOMMENDATIONS

On June 24, 2013, Petitioner Adam M. Glowka ("Glowka"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

## I. Relevant Background

On December 4, 2012, Glowka was sentenced by the United States District Court for the Southern District of Ohio to a 48-month term of imprisonment for the Unlawful

Possession of a Machine Gun and the Receipt and Possession of an Unregistered Firearm. (ECF No. 3 at 2, ECF No. 13 at 2). At the time of sentencing, the presiding District Judge recommended that Glowka be incarcerated at a Federal Medical Center for treatment of injuries he suffered to his right arm and shoulder at the time of his arrest. (ECF No. 3 at 2-3). However, due to errors made by the United States Marshals Service and others, Glowka's medical records were never forwarded to the Federal Bureau of Prison's ("BOP") Designation and Sentencing Computation Center in Grand Prairie, Texas. (*Id*. at 3). Glowka claims that without his medical documentation, he was incorrectly classified at Care Level II when he should have been designated as a Care Level III or IV inmate. Glowka contends that the Care Level II designation led to his improper placement at the Federal Correctional Institution Beckley, which is not a Federal Medical Center; has resulted in inadequate medical care, causing him significant pain and distress; and is likely to result in irreparable harm to his arm and shoulder. (*Id*. at 4-6). Glowka asks the court for an order transferring him to a Federal Medical Center or, in the alternative, for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and § 4205(g), so that he can obtain necessary medical care. (ECF No. 2 at 6-7; ECF No. 3 at 8).

On August 28, 2013, the undersigned entered an order requiring the Government to show cause why the relief requested by Glowka should not be granted. (ECF No. 10). On October 1, 2013, the Government filed its response, making two arguments in opposition to the petition and requesting its dismissal. (ECF No. 13). First, the Government argues that Glowka failed to exhaust his administrative remedies. (*Id*. at 2-4). The Government indicates that Glowka is required to complete three steps in the

BOP's Administrative Remedy Program before his request for remedy can be deemed exhausted. First, Glowka must file his request for relief at the institutional level. If the request is denied, then Glowka must appeal the denial to the BOP's Regional Office. If the requested relief is again denied, Glowka must appeal to the BOP's Central Office. (*Id*.). According to the Government, Glowka fulfilled the first two steps, but failed to complete the third and final step. The Government claims that Glowka's appeal to the Central Office was rejected for clerical reasons, and he was instructed to submit an amended appeal. (ECF No. 13-1 at 3). Glowka did not comply with the instruction until September 3, 2013. As a result, the appeal was pending at the time the Government filed its response.[1]

Second, the Government argues that Glowka's claims are not cognizable in a § 2241 petition and thus must be dismissed. (ECF No. 13 at 4-6). In the Government's view, Glowka's petition is nothing more than a complaint regarding the conditions of his confinement, which should properly be brought as a civil rights action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Government further emphasizes that the court has no authority to dictate the place of an inmate's confinement; therefore, Glowka's request for a transfer is not a remedy available under § 2241.

The court gave Glowka forty-five days in which to reply to the Government's response. (ECF No. 10). The time for filing a reply memorandum expired on November 18, 2013. Accordingly, this matter is ready for disposition.

[1] The Government attached to its response an affidavit dated September 26, 2013 verifying that the appeal was still pending. (ECF No. 13-1). The undersigned has received no additional information from either party regarding the current status of the appeal.

## II. Discussion

Having carefully considered the allegations in the petition and the Government's response, the undersigned agrees with the Government that Glowka is not entitled to relief under 28 U.S.C. § 2241. Glowka's claim seeking a transfer fails because it is not properly brought in a habeas petition. In addition, Glowka has no constitutional or statutory right to select his place of confinement. Glowka's claim regarding his application for compassionate release also fails given that the court has no authority to review the BOP's decisions on such applications. Finally, Glowka's claims related to inadequate medical care must be raised in a *Bivens* action.

### A. Transfer to a Federal Medical Center

A habeas petition is the proper mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Generally, a motion filed under section 2255 attacks the validity of a conviction or sentence, *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir.2010), while a petition under section 2241 challenges the execution of a sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (en banc)). When a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411 U.S. at 494, 498–99.

Glowka complains that he is not receiving adequate medical care due to his incorrect designation as a Care Level II inmate. He acknowledges that any claims related to the alleged denial of medical services must be brought in a separate civil rights action. (ECF No. 3 at 3). Nonetheless, he asks the court to order the BOP to transfer him to a

Federal Medical Center where he is likely to receive the necessary care. Unfortunately, Glowka's request for a transfer "is not cognizable as a habeas claim because such transfer would not affect the fact or duration of his sentence." *Cano v. Pettiford,* C/A No. 3:06-1906-CMC-JRM, 2007 WL 2579971, *3 (D.S.C. Sept 4, 2007) (*citing Evans v. Federal Bureau of Prisons,* 2006 WL 1515617, *1, n.1 (W.D.Va. 2006)). Consequently, Glowka must pursue relief using a different procedural vehicle.

Even if Glowka's habeas action was properly before the court, the relief requested is not available from the court. A prisoner has no constitutional right to be confined at any particular correctional facility. *Moody v. Daggett,* 429 U.S. 78, 88, n.9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). "[O]nly the Bureau of Prisons has the actual authority to designate the place of incarceration. The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *United States v. Voda,* 994 F.2d 149, 151-52 (5th Cir.1993) (citations omitted).[2] Thus, "a district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence," *United States v. Serafini,* 233 F.3d 758, 778 n. 23 (3d Cir.2000) (emphasis omitted), and prisoner transfers "are functions within the discretion of the BOP." *United States v. McCaster*, No. 06-20310-STA, 2008 WL 4528037, *2 (W.D.Tenn Oct. 6, 2008) (citing *Caderno v. Thomas,* 50 F. App'x 200 (6th Cir. 2002); *see also Daniel v. Craig,* No. 5:07-cv-00465, 5:07-cv-00577,

---

[2] In relevant part, 18 U.S.C. § 3621(b) establishes the BOP's authority to designate a federal prisoner's place of imprisonment once sentence has been imposed, stating:

> The [BOP] shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau.... The Bureau may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another.

2008 WL 644883, *2 (S.D.W.Va. Mar. 7, 2008). Therefore, the undersigned **FINDS** that Glowka is not entitled to relief on this claim under § 2241.

***B. Application for Compassionate Relief***

Glowka also complains that the BOP has abused its discretion by not taking his request for compassionate release seriously and for "delaying the acceptance of it." (ECF No. 2 at 7). He asks the court to release him from incarceration so that he can obtain medical care on his own. (ECF No. 3 at 8).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979); *see also, Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976). However, under 18 U.S.C. § 3582(c)(1), a prisoner may seek early release from incarceration on "compassionate grounds." This provision is triggered when the Director of the BOP approves an inmate's application for compassionate release and files a motion with the court seeking a sentence reduction. *Share v. Krueger*, No. 3:12-cv-2495, 2012 WL 6761881, *2 (M.D.Pa. Dec. 26, 2012). The BOP has broad discretion in assessing the propriety of an inmate's application, and the court is precluded from granting a request for compassionate release unless the BOP files a motion seeking the sentence reduction. *Engle v. United States*, 26 Fed.Appx. 394, 397 (6th Cir. 2001); *Slate v. United States*, 2009 WL 1073640, at *3 (S.D.W.Va. April 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). Considering the broad discretion afforded the BOP, most courts conclude that the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially

unreviewable." *Crowe v. United States,* 430 Fed.Appx. 484, 485 (6th Cir. 2011) (same); *see Fernandez v. United States,* 941 F.2d 1488, 1493 (11th Cir. 1991) (same); *Simmons v. Christensen,* 894 F.2d 1041, 1043 (9th Cir. 1990) (same); *Turner v. U.S. Parole Comm'n,* 810 F.2d 612, 615 (7th Cir. 1987) (same); *also Myrland v. United States,* No. 12-cv-2909 (PJS/TNL), 2013 WL 4501047, *9 (D.Minn. Aug. 22, 2013) ("Due to the discretionary nature of the compassionate release provision, this Court finds it lacks jurisdiction for review under 2241"); *Webb v. Grondolsky,* No. 12-40114-RWZ, 2013 WL 1003452, *1 (D.Mass. Mar. 14, 2013) ("[A]lthough the First Circuit has not ruled on this issue, other circuits have uniformly held that the BOP's decision to deny compassionate release is not subject to judicial review."); *Defeo v. Lapin,* No. 08-civ-7513, 2009 WL 1788056, *3 (S.D.N.Y. Jun. 22, 2009) (collecting cases and denying writ of mandamus); *Jarvis v. Stansberry,* No. 2:08-cv-230, 2008 WL 5337908 (E.D.Va. Dec. 18, 2008) (noting that the Fourth Circuit has not ruled on this issue, but recognizing that other circuits have found the BOP's decision to be unreviewable). Consistent with these decisions, the undersigned **FINDS** that this court lacks jurisdiction to review the BOP's treatment of Glowka's application for compassionate release.

***C. Exhaustion and Conversion***

Notwithstanding his concession that he has not exhausted administrative remedies, Glowka contends that the court should consider his petition on the merits. Glowka claims that he was told by BOP staff that the Administrative Remedy Program "is a waste of time." He also alleges that he has been the victim of retaliation for pursuing his request for remedy. (ECF No. 2 at 5). Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners

to exhaust administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *see also McClung v. Shearin,* No. 03–6952, 2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). The court may, in its discretion, waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010).

Here, Glowka has not demonstrated any compelling reason to waive exhaustion. His request for remedy progressed smoothly through the steps until he failed to comply with the clerical requirements of the Central Office. He corrected the error and resubmitted his paperwork. Therefore, the undersigned **FINDS** no reason to excuse Glowka from completing the appeals procedure; particularly, when considering that he is in the final step of the process, and his habeas petition cannot survive on other grounds.

Finally, the undersigned has considered whether Glowka's petition should be construed as a *Bivens* action so that he can pursue his claims of inadequate medical care. After carefully reviewing the petition, the undersigned **FINDS** that it would be inappropriate to convert Glowka's petition to a civil rights complaint. Glowka expressly stated his understanding that claims regarding inadequate medical care need to be asserted in a separate civil action, and he clarified that he was not making those claims

in the instant petition. Consequently, Glowka has not had the opportunity to identify individual defendants or elaborate on the factual bases of his claims. In addition, the court denied Glowka's application to proceed *in forma pauperis* given his ability to pay the $5.00 filing fee required to maintain a habeas action. However, whether Glowka is able to pay the $400.00 fee to file a civil rights action is a question to be addressed through an amended application. Moreover, the requirements of the Prison Litigation Reform Act, which apply to *Bivens* actions, but not to § 2241 actions, may impact the manner in which Glowka pursues his civil rights claims. For these reasons, the undersigned **FINDS** that any allegations of inadequate medical care asserted herein should be dismissed, without prejudice, to allow Glowka to file a separate civil rights action.

## III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED**, with prejudice, with the exception that claims alleging inadequate medical care be dismissed, without prejudice, to allow Petitioner an opportunity to file a civil rights action, if desired; and
2. This case be removed from the Court's docket.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** December 11, 2013.

Cheryl A. Eifert
United States Magistrate Judge